991 F.2d 798
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hardy Lamar WILSON, Plaintiff-Appellant,
v.
CITY OF DETROIT POLICE DEPARTMENT, et al., Defendants,
Bradley, Officer, Defendant-Appellee.
 No. 92-1625.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Hardy Lamar Wilson, a pro se Michigan prisoner, appeals a district court judgment for the defendant in his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Wilson sued the Detroit Police Department, two Detroit police officers, the JOWA Security Agency (JOWA), and two security officers in their individual and official capacities for allegedly violating his Fourteenth Amendment due process rights. Wilson alleged that on April 17, 1986, police officers Woods and Nettles turned him over to security officers Bradley and Jones in the 36th District Courthouse, where the security officers physically assaulted him after he refused to cooperate with fingerprinting. He suffered a broken nose and other injuries such that the magistrate before whom Wilson was taken for arraignment immediately following the assault continued the case and ordered him taken to a hospital for treatment.
 
 
 3
 On May 23, 1989, the district court dismissed Wilson's complaint as to the Detroit Police Department and JOWA pursuant to 28 U.S.C. § 1915(d) and dismissed a 42 U.S.C. § 1985 claim against Woods and Nettles pursuant to Fed.R.Civ.P. 12(b)(6). Thereafter, a stipulation and order was entered which dismissed with prejudice Wilson's cause of action against the Detroit Police Department, Woods, and Nettles. Only Bradley remained as a defendant when the case was tried on April 20, 1992. (Service of process was never completed against Jones). Following the one-day bench trial, the district court issued an opinion and order finding no cause of action as to security officer Bradley. Final judgment was entered on April 24, 1992.
 
 
 4
 On appeal, Wilson argues that the district court abused its discretion by allowing the defendant to remain outside the courtroom during testimony regarding his identification. He requests the appointment of counsel in his brief.
 
 
 5
 Upon careful review, we conclude that the district court did not abuse its discretion by allowing Bradley to remain outside the courtroom during a portion of the plaintiff's case, and thus affirm the district court's judgment.
 
 
 6
 The Eighth Amendment's protection, including the protection against excessive force, is extended to pre-trial detainees and is considered coterminous under the Due Process Clause of the Fourteenth Amendment. See Whitley v. Albers, 475 U.S. 312, 327 (1986). Defendant Bradley does not dispute that excessive force was used against Wilson in April 1986. Instead, he simply denies that he was the security officer who inflicted Wilson's injuries. He and other defense witnesses testified that on the day in question he was serving as a court officer assigned to a fourth floor courtroom and would have had no contact with Wilson or any other detainee in the first floor holding area where the assault took place.
 
 
 7
 Before the trial began, defense counsel informed the court that Bradley waived his appearance in court during the plaintiff's testimony because he believed that his presence before Wilson took the stand would prejudice his mistaken identity defense. Wilson did not object and, thus, did not preserve this issue for appeal.
 
 
 8
 In any event, the district court did not abuse its discretion in its handling of this issue. The district court adequately balanced the defendant's right to waive his appearance at a portion of the trial and thus preserve his mistaken identity defense with the plaintiff's right to present his case, which depended heavily on the identification of Bradley as the one who assaulted him. Plaintiff's attorney was given the opportunity to recall Wilson so that he could identify Bradley after the defendant was brought into the courtroom and, in fact, the district court did everything but specifically instruct counsel to do so. Wilson is not entitled to relief on this basis.
 
 
 9
 Bradley restated the issue on appeal as whether the district court erred in finding that the plaintiff failed to demonstrate by the greater weight of the evidence that the defendant was the officer who assaulted him. The trial court did not clearly err in its finding that Wilson did not produce credible evidence that Bradley was the officer who assaulted him. See Anderson v. Bessemer City, 470 U.S. 564, 573-75 (1985). Wilson, in essence, wants this court to remake credibility determinations. This court will not do so.
 
 
 10
 Accordingly, we deny the request for the appointment of counsel. The district court's judgment, entered April 24, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.